Johnson, J.
The statute under whicli-this action is brought is as follows:
u An act to amend an act, passed March 19, 1868 (S. & S. 744), entitled. ‘ an act supplementary to an act entitled an act to establish a code of civil procedure,’ passed March 11, 1853. S. & 0. 940.
“ Section 1. Be it enacted by the General Assembly of the State of Ohio, That the said supplementary act be amended as follows:
“ Section 1. That in any case in which a judgment has been or may hereafter be rendered in any court, whether a court of record or not, against two or more persons in which it is certified that one or more of said persons against whom such judgment was rendered is or are surety or sureties, or bail, such surety, sureties or bail, if he, she or they shall pay, or ha/oe paid such judgment or any part thereof, shall, to the extent of such payment, stand in the place of and ha/oe all the rights and remedies against the principal debtor or debtors that the plai/ntiff therei/n had at the time of such payment; and if such judgment at the time of such payment is, or shall thereafter become dormant, the surety, sureties or bail so paying, shall have the right to revive the same as the plaintiff might have done if the payment had not been made ; but all process and proceedings for or on behalf of such surety, sureties or bail, shall be in the name of such surety, sureties or bail, or their legal representatives, and no costs in that behalf shall accrue against or be taxed to the plaintiff in the original action.
*158 “ Section 2. Said supplementary act is hereby repealed, and this act shall take effect from its passage.
“ Passed February 6, 1871.”
The act of 1868 applied only to judgments of courts *of record; while this embraces all judgments, whether in a court of record or not.
The privileges conferred by the act of 1868 are to sureties or bail, “ if he, she or they shall pay said judgment or any part thereofwhile by the act of 1871, “ if he, she or they shall pay, or home paid such judgment or any part thereof,” &c.
By the decision in Neal v. Nash, 23 Ohio St. 483, a suit in equity by a surety in a judgment, to be subrogated to the rights of the creditor against the principal debtor, would have been barred in ten years.
In Neilson v. Fry, 16 Ohio St. 552, it was held, that an •action for contribution against a co-surety, and for subrogation, was barred in six years.
The act of 1871 was passed and took effect February 6, 1871; nineteen days before the expiration of the ten years after payment by the surety of the balance due on this judgment.
These facts present the question raised by the demurrer to the petition, whether, under the act of 1871, plaintiff is entitled to have this dormant judgment revived in his name. •
In support of the demurrer it is claimed :
1st. That Peters is not a certified surety within the meaning ■of the statute, and as such entitled to the benefit of the act.
2d. But if he is, then, that the act of 1871 should be con-strued prospectively, and made to apply only to judgments rendered and payments made after the passage of the act.
3d. If this cannot be done, then it is insisted that the act is unconstitutional, so far as it affects prior payments; 1st. Because it is in violation of section 28 of article 2 of the con•stitution, prohibiting retroactive laws ; 2d. Because it is in ■conflict with section 19, article 1, as interfering with vested rights of property; and 3d. Because the act is the exercise of judicial, instead of legislative power.
Of these in their order.
*159 1st. Is Peters a certified surety, within the meaning of the ■statute ?
The judgment was rendered by confession, upon a warrant of attorney executed by all the drawers of a bill of exchange, and is against all of them in the usual form. Then follows the entry, “ On motion and by consent of parties, this judgment is to stand against Ebenezer Peters, as surety only-;” that is to say, it is by the consent of all parties, defendants as well as plaintiff, agreed that, although the judgment is in form against all as principals, yet Peters is to stand as a surety only, as to the rights of the plaintiff to collect the same. It is obvious that it was the intention of all parties, by this entry, to give Peters the rights of a surety, under section 449 of the civil code. Section 449 provides that where a judgment is rendered upon an instalment of writing, “ and it shall be made to appear to the court, by parol or other testimony, that one or more of said persons so bound signed the same as surety or bail for his or their co-defendant, it shall be the duty of the clerk 'Of said court, in recording the judgment thereon, to certify which of the defendants is principal debtor and which are sureties or bail.”
It further provides, that the execution shall command the officer to exhaust the principal debtors’ property, before levying the same on the property of the surety.
The fact of suretyship, is to be found by the court, “ by parol or other testimony.”
In this case the record does not disclose what, if any, testimony was heard, other than that the parties all consented that Peters should stand as such surety. There may have been other testimony than the confession of the parties, but if not, this was of itself sufficient to warrant the court in finding that Peters was a surety.
We think such an admission in open court, by the plaintiff ■alone, was of itself sufficient to bind the plaintiff and to warrant the court in finding that Peters was surety, and in making the certificate under this section of the code. But the record goes beyond this, and shows that all the parties, defendants, as well as plaintiffs, consented to this entry. Surely *160 this is sufficient to warrant such finding, and to authorize the certificate of suretyship.
The fact that such an entry was made by consent obviates the necessity of other evidence. The admission of the fact by the parties, warrants the certificate, as fully as the confession of the judgment on the cause of action warrants an entry of judgment itself against the defendants.
But it is said the certificate is defective, because it does not certify who are principals, or that John McWilliams was a principal, and is not therefore a good statutory certificate.
It is true, the certificate fails to expressly specify who are principals, but this entry, following a judgment against all three, as joint drawers of a bill of exchange, who are, prima facie, all principals thereon, clearly implies that the other two defendants are admitted principals to the judgment entered against them by their confession. We think this was a good statutory certificate, and entitled Peters to the right, under section 449, to have the princij>al debtors’ property first exhausted. Neither the judgment creditor nor his co-defendants could complain.
But the question is not, whether this was such a certificate as entitled Peters to the benefit of section '449 of the code, but, was plaintiff a certified surety, within the meaning' of the act of 1871?
This act provides, that in any case in which a judgment has been, or may hereafter be rendered against two or more persons, in which it is certified that one or more are surety or sureties, or bail, such surety or sureties, or bail, shall have the lights and remedies conferred by the act. These rights and remedies are additional and cumulative to those conferred by section 449. They are for the benefit of all persons who are certified as sureties, whether the certificate expressly states who are principals, or whether it appears from the form of the judgment that they are such.
We hold, therefore, that this entry by consent is, upon its face, equivalent to, and has all the legal force and effect of a formal certificate founded upon parol or other testimony, and *161 entitles Peters to the rights and remedies conferred, upon certified sureties by the act of 1871.'
It is claimed that this act should be construed prospectively, and if this cannot be done, it is unconstitutional as to plaintiff.
Plaintiff, as surety, made his payment nearly ten years before the act was passed. By its express terms it is made to apply to judgments already rendered, as well as to those to be thereafter rendered, and its rights and remedies are extended to ail certified sureties on any such judgments; “ if he, she or they shall pay, or have paid such judgment or any part thereof.”
In the general and most comprehensive sense of the term, this statute, so far as it relates to judgments rendered, and payments made before its passage, may be said to be retroactive ; but in a more limited and accurate legal sense, it in effect is prospective only in so far as' it applies a new remedy to an existing right.
The judgment was rendered and payment made, before the act was passed, but it was clearly the intention of the legislature to extend the remedies conferred to existing, as well as future judgments and payments.
The words of the statute admit of no other construction.
3d. Is it unconstitutional so far as it applies to judgments rendered, or to payments made thereon, before the act was passed ? •
All legislative power is vested in the general assembly, by article 11, section 1 of the constitution of Ohio, subject to the limitations and restrictions contained in othei provisions of that instrument, and in the constitution of the United States. West. Union Telegraph Co. v. Mayer, 28 Ohio St. 521; Baker v. Cincinnati, 11 Ohio St. 534; Lehman v. McBride, 15 Ohio St. 573 ; Cincinnati v. McCann, 21 Ohio St. 198.
One of these limitations on the legislative power is contained in section 28 of article 2, viz. : “ The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties and offi *162 cers, by curing omissions, defects and errors, in instruments and proceedings arising out of their want of conformity with the laws of this state.”
Tt is clear that this section prohibits all retroactive legislation, that takes away or impairs vested rights, creates new obligations, or imposes new legal duties or disabilities, in respect to past transactions. Rairden v. Holden, 15 Ohio St. 207; Goodale v. Fennell, 27 Ohio St. 426.
It is equally well settled, that statutes purely remedial in their operation on existing rights, duties and obligations, are not within the mischiefs against which this clause was intended to guard. Trustees of Green Tp. v. Campbell, 16 Ohio St. 11; Rairden v. Holden, 15 Ohio St. 207: Seeley v. Thomas, 31 Ohio St. 301; Westerman v. O’Neal, 25 Ohio St. 500; John v. Bridgman, 27 Ohio St. 22; State v. Richland Tp. 20 Ohio St. 362 ; L. M. R. R. Co. v. Green Co., 31 Ohio St. 338.
When this act was passed and took effect, there was an existing legal obligation by the principal debtor to repay to the surety the amount he had paid for his benefit.
• An action in equity to be subrogated to the rights of the creditor could have been sustained. Neal v. Nash, supra.
This legal obligation was strongly supported by public policy and moral duty.
The debtor had no vested right in the existing statute of limitations that could have prevented the legislature from repealing it, or extending the time in which the plaintiff could bring his action to be subrogated beyond the ten years.
Instead of doing this, the acts of 1868 and 1871 gave to the certified surety an additional and cumulative remedy.
It provides that where he shall pay or shall have paid such judgment, in whole or in part, he shall, “ to the extent of such payment stand in the place of, and have all the rights and remedies against the principal debtor or debtors, that the plaintiff therein had at the time of such payment.” It further provides, that if the judgment is then, or shall thereafter become dormant, the surety or bail so paying, “ shall have the right to revive the same, as the plaintiff might have done if *163 the payment had not been madebut all process and proceed-' ings must be in his own name.
No one doubts, but that the plaintiff • could have revived this dormant judgment in 1874, if it had not been paid.'
The statute confers this right of reviver upon the certified surety. The ten years limitation, which would have barred an action by him to be subrogated, was no bar to the judgment creditor’s remedy by revivor. The statute substitutes the surety in his place, and gives him all the rights and remedies that he possessed, including the remedy by revivor.
If the defendant’s claim be well founded, then the surety was not fully placed in the creditor’s shoes, for his right to revive would be barred in nineteen days after the act took effect, while the judgment creditor’s right would have subsisted until by lapse of time a presumption of payment arose; or, as the statute now is, until twenty-one years from the time it became dormant. R. S. 5368.
The effect of this statute upon the case at bar is, to give the plaintiff, who had an existing demand on defendant, a cumulative remedy, not to be governed by the limitation of time, which would have barred an action in equity to be subrogated. This statute is dictated by sound public policy and tends to promote justice. No substantial right of the debtor is taken from him. He • has no. vested right to be shielded from the payment of his debts, and the existing statute of limitations does not so enter into and form part of the obligation of his contract, as that it may not be repealed or further time given, where the right to an action is not already barred.
Again, it is claimed that if this construction is the true one, then the act is unconstitutional, because it is the exercise of judicial and not legislative power. It is argued that the clause of the statute which invests the surety with the rights of the creditor upon his payment, is in the nature of a judgment of a court finding and declaring his rights.
This view is erroneous. The court still possesses all its judicial functions over the judgment. It is to determine all questions of fact and law that may arise as to whether there is :such a judgment as the statute describes, whether the plaintiff *164 is a certified surety, whether, as such, he has paid the same or any part thereof, and whether it has become dormant. If these be shown, the statute has given him a right to revive in his own name. If the judicial determination of the case shows that the certified surety has paid the judgment for his principal, the statute authorizes him to have the same revived in his own name, by a judgment of a competent court.
It is merely an act giving to the surety, in his own name, the same remedy that existed in favor of the creditor. This is within the legislative power of the general assembly.
The judgment of the district court is reversed, and that of the common pleas is affirmed.